IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00821-CYC

AMERICO LORENZZI-GONZALES,

     Applicant,

v.

TODD M. LYONS, Acting Director - ICE,
MADISON SHEAHAN, Deputy Director- ICE, and
JUAN BALTAZAR, Warden Aurora Processing Center,

     Respondents.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court upon the parties' consent to magistrate judge jurisdiction for all purposes, ECF No. 15, and an Order of Reference issued by Chief Judge Daniel D. Domenico pursuant to 28 U.S.C. § 636, ECF No. 16. Now before the Court is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application"), ECF No. 1, filed *pro se* by Applicant Americo Lorenzzi-Gonzales on February 27, 2026.

The Court must construe the Application liberally because Applicant is not represented by an attorney, but the Court should not be an advocate for a *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). After reviewing the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application should be granted.

## I. BACKGROUND

Applicant is a native and citizen of Cuba. ECF No. 17-1 ¶ 4. In 1980, he was convicted in Florida of Aggravated Assault with a Weapon and Battery and sentenced to five years probation. *Id*. ¶ 5(i). Two years later, in 1982, he was convicted in Florida of Aggravated Assault with a Deadly Weapon and sentenced to a year and a day in prison. *Id*. ¶ 5(ii). Applicant was deported from the United States in May 1985. *Id*. ¶ 6.

On January 29, 2012, Applicant applied for admission to the U.S. at the Eagle Pass (Texas) Point of Entry, a U.S. land border with Mexico. *Id*. ¶ 7. Applicant did not have a visa or other document authorizing his admission into the U.S. *Id*. Applicant requested asylum in the U.S. *Id*. U.S. Customs and Border Protection ("CBP") paroled Applicant into the U.S. and arrested and detained him. *Id*. CBP processed Applicant for removal proceedings. *Id*.

On January 30, 2012, Applicant was transferred to Immigration and Customs Enforcement ("ICE") custody pending resolution of the removal proceedings. *Id*. ¶ 8. On February 17, 2012, the Department of Homeland Security issued a Notice to Appear ("NTA"), initiating removal proceedings under 8 U.S.C. § 1229a, before the Executive Office for Immigration Review. *Id*. ¶ 9. The NTA charged Applicant with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) (immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document). *Id*. On March 1, 2012, Applicant appeared before an Immigration Judge ("IJ") for removal proceedings, admitted the allegations and charges in the NTA, and declined to pursue

an application for relief from removal. *Id*. ¶ 10. The IJ sustained the charge in the NTA and ordered Applicant removed from the U.S. to Cuba. *Id*. The parties waived their right to appeal. *Id*. On March 29, 2012, ICE released Applicant on an order of supervision, meaning that he spent roughly two months in custody. *Id*. ¶ 11.

On April 19, 2014, Applicant was arrested, detained, and released on supervision the same day. *Id*. ¶ 12.

Applicant alleges that during his thirteen years of supervised release, he "complied with all the requirements and directions that ICE gave me every single year," including "checking in every year according to ICE's directions." ECF No. 1 at 5–6. He alleges that he has had no criminal charges or convictions since his Florida convictions over 40 years ago. *Id*. at 6.

On November 19, 2025, ICE officers apprehended Applicant in Denver, Colorado. ECF No. 17 ¶ 13. ICE revoked Applicant's release on supervision and detained him for the purpose of executing the final order of removal to Cuba. *Id*. Applicant is detained at the ICE Denver Contract Detention Facility pursuant to 8 U.S.C. § 1231. *Id*. ¶ 15. On February 13, 2026, ICE conducted a Post Order Custody Review and determined Applicant did not satisfy the criteria for release. *Id.* ¶ 17.

Applicant contends that his prolonged detention violates both 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment. As relief, he seeks immediate release from custody and an order not to transfer him outside the jurisdiction of this Court while the Application is pending.

## II. DISCUSSION

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). The removal period begins on the latest of the following dates:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court' s final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). Therefore, Applicant's statutory claim lacks merit. However, as a constitutional matter, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months.

*Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Under this standard, Applicant is not required to "show the absence of *any* prospect of removal – no matter how unlikely or unforeseeable." *Id.* at 702. Rather, he must simply show that removal is not significantly likely in the reasonably foreseeable future.

Respondents argue that the length of Applicant's detention is presumptively reasonable under *Zadvydas* because Applicant has been detained for less than six months from the date he was taken into custody on November 19, 2025, and Applicant's past periods of detention should not be counted as part of the detention period. But while "district courts in the Tenth Circuit are split regarding whether the six-month *Zadvydas* removal period must be successive," *Tran v. Baltazar*, No. 26-cv-00940-CNS, 2026 WL 764002, at \*3 (D. Colo. Mar. 18, 2026), "district courts more often conclude that a detainee's periods of detention should be considered together in determining whether the detention has exceeded the presumptively reasonable time under *Zadvydas*," *Aguilar v. Noem*, No. 25-cv-03463-NYW, 2025 WL 3514282, at \*3 (D. Colo. Dec. 8, 2025) (collecting cases). District of Colorado decisions have repeatedly held that separate periods of detention are properly aggregated for *Zadvydas* purposes, and the Court is persuaded by those decisions. *See, e.g., Aguilar*, 2025 WL 3514282; *Tran*, 2026 WL 764002; *Pan v. Blanche*, No. 26-cv-00599-SBP, 2026 WL 947935 (D. Colo. Apr. 8, 2026); *Santacruz Macias v. Baltazar*, No. 26-cv-01046-SKC, 2026 WL

865174 (D. Colo. Mar. 30, 2026); *Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2025 WL 3268333 (D. Colo. Nov. 24, 2025). Therefore, Applicant's current period of detention commencing November 19, 2025, added together with his previous periods of detention (January 29, 2012 - March 29, 2012, and April 19, 2014) exceeds six months, extending beyond a presumptively reasonable duration.

Respondents do not expressly argue that Applicant has failed to meet his initial burden. *See* ECF No. 17 at 6. Applicant has met his initial burden. In particular, he states that "ICE has not shown the efforts for removing me," and "ICE has all this time (over 13 years) to make possible my removal but never did it." ECF No. 1 at 6. That shows that removal is not significantly likely in the reasonably foreseeable future. *See, e.g., Tran*, 2026 WL 764002, at *4 (conclusion that the petitioner met his initial burden was "bolstered by the fact that the government has been unable to secure Vietnamese travel documents to facilitate Petitioner's removal for over 20 years, and it 'has not provided any reason as to why deportation to [Vietnam] is now possible.'" *(quoting Pena-Gil*, 2025 WL 3268333, at *4)).

In rebuttal, Respondents state that they are taking steps to remove Applicant. ECF No. 17 at 6. However, the only concrete step they identify is that Applicant has been approved for repatriation to Cuba. *Id.*; *see also* ECF No. 17-1 ¶ 18. The supporting declaration of Deportation Officer Michael Ketels further states, generally, that "ICE is working on" Applicant's removal. ECF No. 17-1 ¶ 18. Respondents provide no additional information regarding the status of Applicant's removal, any facts describing any particular, sequential steps that have been taken to effect Applicant's removal, or the

6

likelihood that Applicant will be removed in the reasonably near future. *See Tran*, 2026 WL 764002, at \*4. That will not do. "Generalized assertions that the Government is 'working on' removal do not satisfy [the respondent's] burden under *Zadvydas*." *Horbenko v. Castro*, No. 25-cv-0764 WJ/DLM, 2026 WL 381867, at \*5 (D.N.M. Feb. 11, 2026), *report and recommendation adopted*, No. 25-cv-0764 WJ/DLM, 2026 WL 702459 (D.N.M. Mar. 12, 2026). To explain further:

> By indicating only that Applicant's removal is possible, Respondents have failed to demonstrate a significant likelihood of removal. *See Tran*, 2026 WL 764002, at \*3. Indeed, *Zadvydas* rejected the proposition that continued detention is permissible "as long as good faith efforts to effectuate . . . deportation continue." 533 U.S. at 702 (internal quotations and citation omitted). Instead, the government must make legitimate progress towards removal. *See Hassoun v. Sessions*, 2019 WL 78984, at \*5 (W.D.N.Y. Jan. 2, 2019) ("the reasonableness of Petitioner's detention turns on whether and to what extent the government's efforts are likely to bear fruit. Diligent efforts alone will not support continued detention.").

*Santacruz Macias*, 2026 WL 865174, at \*4. Moreover, while Respondents argue that "[t]he Court should also consider that ICE has successfully removed Cuban citizens to Cuba in recent months," ECF No. 6 at 8, they provide no facts indicating that Applicant is similarly situated to other individuals who have been removed to Cuba such that his removal would be likely. *See Castellano v. U.S. Dep't of Homeland Sec.*, No. 26-cv-00080-PAB, 2026 WL 472732, at \*4 (D. Colo. Feb. 19, 2026). Therefore, Respondents have not rebutted Applicant's showing that there is good reason to believe that there is no significant likelihood of Applicant's removal in the reasonably foreseeable future. The Application thus will be granted.

Respondents note that any order of release would be subject to conditions set by ICE. *See* ECF No. 17 at 6 & n.3. That issue is not one that the Application raises, and

7

the Court therefore expresses no opinion on it.

### III. CONCLUSION

In summary, the Court finds that Applicant is being detained in violation of the Fifth Amendment, and the Court will grant the Application and order Applicant's release from custody pursuant to 28 U.S.C. § 2241(c)(3).

Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is granted. It is further

**ORDERED** that Applicant shall be released from custody within 48 hours. It is further

**ORDERED** that Respondents shall file a status report within 24 hours of Applicant's release.

DATED April 27, 2026.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge